**In the Matter of the Application for the DISCIPLINE OF William R. NORDSTROM, an Attorney at Law of the State of Minnesota.**

No. C3–83–1030.

Supreme Court of Minnesota.

Sept. 17, 1985.

ORDER

In 1978 and 1979, by orders of this court, the respondent was placed upon supervised probation through September 1984 because of certain misappropriations of certain family funds caused by his alcoholism. Respondent successfully addressed his alcohol problem and otherwise successfully complied with the terms of his disciplinary probation. For a number of years respondent had represented a client. The client was convicted in federal court and was incarcerated in Sandstone Prison. He called respondent and told respondent that he was being released and had to go out East for a job interview and requested respondent to meet him at the Sandstone Prison with a change of clothes and some cash. The respondent did so. In fact, the client was fleeing custody. Immediately upon ascertaining that fact, respondent reported the facts to the United States Marshal and to appropriate disciplinary authorities. Notwithstanding those facts, the respondent was convicted of the crime of knowingly and willfully aiding the escape of a federal prisoner for which he received a sentence of two years in custody with service of the first four months in jail. He was placed on probation for 20 months and ordered to perform 500 hours of community service. Respondent has completed incarceration, commenced his community service, and complied with the terms of criminal probation. The conviction, being conclusive evidence warranting disciplinary action, resulted in the Board of Professional Responsibility filing a petition against respondent. The matter was referred to a referee who made findings of fact and filed his recommendation to this court. At all times during these proceedings, and with the one exception, the respondent has led an exemplary life, has worked diligently in Alcoholics Anonymous and Lawyers Concerned for Lawyers, and has fully cooperated with the Lawyers Board of Professional Responsibility investigation. The referee recommended discipline of suspension until October 1986 with supervised probation until 1991. Following that recommendation, respondent, represented by counsel and being fully advised of all of his rights to further hearings and pursuant to the Rules of Lawyers Professional Responsibility Board, entered into a stipulation with that Board in which both the Board, through its Director, and the respondent join in recommending that appropriate discipline is indefinite suspension of a five year minimum commencing April 6, 1984, the date of respondent's temporary suspension, provided that respondent shall have a right to petition for reinstatement on or after April 6, 1989.

The court having reviewed all of the files and records in connection with both incidents resulting in petitions for discipline and having examined the complete and thorough findings of the referee, and in the light of the stipulation orders that respondent is hereby indefinitely suspended from the practice of law for a period of at least five years from and after April 6, 1984, provided that on or after April 6, 1989, by appropriate showing, respondent may petition for reinstatement to the practice of

law. *See In re Daffer,* 344 N.W.2d 382, 383 (Minn.1984).